## No. 1384.—SALMON W. HOYT v. HIRAM BENNER et al.

The failure of a litigant to place the required internal revenue stamps on the petition and affidavit in an attachment suit, under the acts of Congress of 1864, or to have the documents stamped, as required by the collector of the district, will work the nullity of the proceedings.

An attachment suit, brought in 1865, while the internal revenue law was in force, requiring stamps to be placed on all petitions and affidavits in any judicial proceeding, will be dismissed on exception, if the amount of stamps required by the act of Congress has not been placed on the documents and pleadings before the filing of the suit. After suit has been filed and the process issued without the stamps being affixed, they must be placed there by the instructions of the collector of the district, under penalty of nullity. The placing them on the documents by the party, after suit is filed and the opposite party cited, will not avail.

APPEAL from Fifth District Court of New Orleans. *Leaumont, J.* *James C. Walker,* for plaintiff and appellant. *L. Madison Day,* for defendants and appellees.

TALIAFERRO, J. This case was before the late Supreme Court, in December, 1866, and was then remanded to the court of the first instance for further proceedings. The suit was commenced by attachment. The defendants took a rule to set aside the attachment, on the ground that neither the affidavit nor the petition has any such United States revenue stamp as is required by law. The rule was dismissed, and the defendants then filed a peremptory exception to the attachment and suit, on the ground of nullity arising from failure by the plaintiff to affix the required revenue stamps to the several instruments requiring stamps, according to the revenue laws. The appellate court

45

overruled this exception without prejudice, and, as before stated, remanded the cause.

Upon the opening of the case in the court *a qua*, the defendants took a rule upon the plaintiff to show cause why a clerical error and mistake of the clerk, in making out the note of evidence, should not be corrected ; the error consisting in having stated that the fee docket of the court, embracing charges from twenty-ninth of August, 1865, to tenth of November following, was introduced in evidence. The testimony introduced on trial of the rule fully establishes the error alleged, and the court ordered that portion of the note of evidence to be stricken out. The defendants then filed an exception to the plaintiff's right to maintain the suit, for the reason that neither the original process, affidavit, writ or petition in the case was stamped within the time prescribed by law; that the stamp now found on the affidavit was illegally placed there about seven days after the issuing of the attachment; that no application was made, according to law, to the collector of internal revenue, to have this proceeding rectified by paying the fine incurred, and presenting the proper certificate of the collector to that effect; but that the said stamp is now illegally attached, contrary to the statute in such case made and provided. The plaintiff filed a rule to show cause why this exception of defendant should not be withdrawn by them, alleging the same to be trivial, puerile and absurd on the face of the papers, and intended to defeat the ends of justice ; that the allegations contained in the exception set forth no reasons to retard, prevent, defeat or dismiss this action. This pleading the court deemed to be of the nature of a demurrer, and, consequently, as an admission of the facts set forth in the defendants' exception. Judgment was accordingly rendered against the plaintiff, and he has again appealed.

This suit was filed on the thirtieth of August, 1865. The act of Congress requiring certain stamps to be affixed to legal documents was then in force. The failure to affix stamps worked the nullity of the instruments required to be stamped, and imposed a fine of fifty dollars upon the party omitting to comply with the law with intent to evade its provisions. The law provided that the consequence of omission might be avoided by payment of the fine and offering the stamp with the certificate of the collector of the proper district that the law had been complied with. A further provision was made that where it appeared to the collector, by oath or otherwise to his satisfaction, that the failure to attach the required stamps at the proper time was the result of accident, mistake, inadvertance or urgent necessity, and not with willful design to defraud the United States of the stamp duty, the instrument might, within twelve months from the issuing of the same, be rendered valid by payment of the stamp duty, and have the fine remitted by the collector.

Hoyt v. Benner.

We think it clearly proved that in this case the proper stamps were not affixed at the required time, and we think, therefore, that the nullity of the proceedings resulted from that failure. The suit was filed on the thirtieth of August, 1865. On the twenty-eighth of October following, the plaintiff was put upon his guard by the filing of the defendant's exception that his process was null by reason of not being stamped as required. Whether the omission was intentional or not, he might have cured the nullity within twelve months from the filing of his suit. This he did not think proper to do, but chose rather to rely upon defenses entirely unavailing. The judgment should be maintained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.

---

LUDELING, C. J. The constitutionality of the act of Congress relative to stamps is not raised in this case. I do not deem it necessary to pass upon the question. I therefore concur in the decree rendered.

---

WYLY, J., *dissenting.* I can not concur in the opinion of the majority of the court, as to the effect of omitting to affix the internal revenue stamp on the petition or affidavit for attachment in this case.

The proceeding was dismissed on the peremptory exception of the defendant, that the internal revenue stamp was not affixed at the time the attachment issued, but seven days thereafter; that under the United States revenue acts of 1864 and 1865, then in force, the whole proceeding was a nullity.

I think the acts of Congress referred to furnish no ground to dismiss the suit; that these acts palpably violate the constitution of the United States; that the requiring of stamps is nothing more than levying a license upon citizens for seeking relief at the hands of the State courts. If Congress has the power to exact a license for the privilege of resorting to a court of justice, it can fix the amount of such license at whatever sum it may see fit, and thus might practically prohibit all applications to State tribunals by imposing an exorbitant license. It would place it in the power of Congress practically to close the State courts. The servants of the people would thus be omnipotent, although we are taught to believe that their powers are limited in the constitution, and although the tenth amendment thereof declares that: "The powers not delegated to the United States by the constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

There is no authority in Congress to place this restriction upon suitors in State courts; it is not a legitimate source of revenue, and it is violative of the fundamental principles of free government.

I therefore feel constrained to dissent from the opinion rendered in this case.

Rehearing refused.